UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE THOMAS GOSIER,

                        Plaintiff,

                -v-                      6:23-CV-1118

ONEIDA COUNTY DISTRICT
ATTORNEY'S OFFICE *et al.*,

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                     OF COUNSEL:

WILLIE THOMAS GOSIER
Plaintiff, Pro Se
24067
Oneida County Correctional Facility
6075 Judd Road
Oriskany, NY 13424

DAVID N. HURD
United States District Judge

## **ORDER ON REPORT & RECOMMENDATION**

    On September 1, 2023, *pro se* plaintiff Willie Thomas Gosier ("plaintiff")

filed this 42 U.S.C. § 1983 action alleging, *inter alia*, that defendants have

framed him for certain state-law crimes.  Dkt. No. 1.  Plaintiff also sought

leave to proceed *in forma pauperis* ("IFP Application").[1]  Dkt. Nos. 4, 5.

On October 18, 2023, U.S. Magistrate Judge Thérèse Wiley Dancks

granted plaintiff's IFP Application and advised by Report & Recommendation

("R&R") that plaintiff's complaint be dismissed without leave to amend.  Dkt.

No. 8.  As Judge Dancks explained, all of the named defendants—the Oneida

County District Attorney's Office, the District Attorney, and several Assistant

District Attorneys—were shielded by various immunity principles.  *Id*.  And

because the facts of plaintiff's complaint involved events integrally related to

the prosecutorial phase of plaintiff's state-law criminal proceeding, Judge

Dancks concluded that leave to amend would be futile.  *Id*.

Plaintiff has filed objections.  Dkt. No. 9.  There, plaintiff concedes that

official-capacity claims against these defendants might be barred, but argues

that he should still be able to pursue individual-capacity claims against some

or all of the named defendants for the alleged violations of his rights.  *Id*.

Upon *de novo* review of plaintiff's objections, the R&R is accepted and will

be adopted in all respects.  *See* 28 U.S.C. § 636(b)(1)(C).  The distinction

between official- and individual-capacity claims can be confusing.  But the

---

[1]  Shortly after this case was opened, it was administratively closed because plaintiff's IFP Application was incomplete.  Dkt. No. 3.  After plaintiff sent in the appropriate documents, Dkt. Nos. 4, 5, this action was reopened, Dkt. No. 6, and then referred to the assigned Magistrate Judge for initial consideration.

Supreme Court has repeatedly held that the scope of prosecutorial immunity from even individual-capacity claims is incredibly broad, reaching exactly the kinds of improper acts alleged by plaintiff in his pleading. *See, e.g.*, *Flagler v. Trainor*, 663 F.3d 543, 547 (2d Cir. 2011). Instead of permitting a damages remedy against a prosecutor (even in their so-called "individual capacity"), courts have "pointed to other methods, such as criminal and professional sanctions, to deter and redress wrongdoing." *Anilao v. Spota*, 27 F.4th 855, 863 n.3 (2d Cir. 2022).[2]

Therefore, it is

ORDERED that

1. The Report & Recommendation is ACCEPTED; and

2. Plaintiff's complaint is DISMISSED without leave to amend.

The Clerk of the Court is directed to enter a judgment accordingly and close the file.

IT IS SO ORDERED.

Dated:  November 2, 2023
       Utica, New York.

David N. Hurd
U.S. District Judge

---

[2] In his objection, plaintiff offers to lower the amount of his money damages request and/or indicates that he would be satisfied with some form of equitable relief ("I will just settle for it all to be taken off my record completely[.]"). Dkt. No. 9. But even that kind of a § 1983 claim would be subject to dismissal under abstention principles because it would require the Court to intervene in a state-court criminal proceeding. *See, e.g.*, *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013).